THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENCHANTE ACCESSORIES INC. § § § Plaintiff/Counterclaim-Defendant, § § v. § HELEN OF TROY LTD., § § Defendant/Counterclaim-Plaintiff. § | Civil Action No. 21-CV-7548 |

# [PROPOSED] PROTECTIVE ORDER

WHEREAS, the parties recognize that pursuant to discovery obligations they may be required to disclose trade secrets and other confidential or proprietary information;

WHEREAS, the parties, through counsel, stipulate to the entry of this Protective Order to prevent unnecessary dissemination or disclosure of such information; and

WHEREAS, the parties, through counsel, stipulate that good cause exists for the entry of this Protective Order pursuant to Fed. R. Civ. P. 26(c) to protect against improper disclosure or use of confidential or proprietary information produced or disclosed in Civil Action No. 21-cv-7548 ("this Action");

IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL AND ORDER OF THE COURT, as follows:

1. **Definitions**

    (a)   The term "Discovery Material" shall mean any document, thing, or transcript, or portion thereof, any type of information and any form of discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure.

(b) The term "Protected Information" shall mean information designated as containing or comprising "Confidential Information" or "Attorneys' Eyes Only" pursuant to the provisions of this Protective Order.

(c) The term "Producing Party" shall mean the party producing information and designating documents or information as Protected Information under this Protective Order.

(d) The term "Receiving Party" shall mean the party to whom the Protected Information is disclosed.

(e) The term "Confidential Information" includes all confidential, private, product, business, commercial, or financial information and all information of a proprietary technical nature that the designating party believes might be of value to an actual or potential competitor of the designating party and that the designating party reasonably believes should be protected from disclosure. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Confidential Information. Confidential Information includes information that the designating party believes, in good faith, the disclosure of which may cause harm to the competitive position of the designating party.

Information and documents that may be designated as Confidential Information include, but are not limited to, trade secrets, unpublished patent applications, confidential or proprietary financial information, operational data, business plans, competitive analyses, personal information that is protected by law, third party information designated by the third party as Confidential, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

(f)     The term "Attorneys' Eyes Only" relates to information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party. For purposes of this order, this include information that the disclosure of which the designating party believes, in good faith, may cause harm to the competitive position of the designating party including, but is not limited to, product information, design information, non-public financial information, pricing information, distribution information, customer identification data, certain study methodologies, and third party information designated by the third party as Attorneys' Eyes Only.

(g)     The term "In-House Attorney" includes in-house attorney employees of a party as well as outside counsel designated by a party as acting as an in-house attorney.

2.     **Designation of Protected Information.**  A Producing Party may designate Protected Information as subject to this Protective Order as follows:

(a)     With respect to documents or copies provided by one party to the other, by marking the initial page and the page or pages on which any Protected Information appears with the legend "CONFIDENTIAL" (in the case of Confidential Information) or the legend "ATTORNEYS' EYES ONLY" (in the case of Attorneys' Eyes Only Information). In the case of computer media, the designation shall be placed on the medium and its label and/or cover. To the extent practical, the designation shall be placed near the Bates number.

(b)     In lieu of marking the original of a document which contains Protected Information prior to inspection, counsel for the Producing Party may orally or in writing designate documents being produced for inspection as containing Protected Information, thereby making them subject to this Protective Order; however, subject to paragraph 15, any copies of such

documents must be marked by the Producing Party in accordance with subparagraph (a) of this paragraph 2 at the time copies are provided.

(c)     Testimony or information disclosed at a deposition may be designated by a party as Protected Information on the record at the deposition.  Alternatively, a party may designate testimony or information disclosed at a deposition as Protected Information within thirty (30) calendar days following receipt of the transcript of the deposition.  Whether or not designation is made at the time of a deposition, all depositions shall be treated as Protected Information from the taking of the deposition until thirty (30) calendar days after receipt of the transcript, or until receipt of the notice referred to in this subparagraph, whichever occurs sooner.

(d)     In the case of responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda, or other papers filed with the Court, information contained therein may be designated as Protected Information by prominently marking such paper or portion thereof with the legend "CONFIDENTIAL" or the legend "ATTORNEYS' EYES ONLY" on the first page and on the page(s) containing the Protected Information.

(e)     If more than one designation has been applied to the same information, then the more restrictive designation controls.

3.     **Disclosure of Confidential Information.**     The Receiving Party may make Confidential Information of the Producing Party, and any document, analysis, report, or other item containing Confidential Information of the Producing Party, available and accessible only to the following individuals:

(a)     Outside counsel in this Action of the Receiving Party or its subsidiaries, including support staff whose duties and responsibilities require access to such materials.

(b) Subject to paragraph 5, up to two (2) In-House Attorneys for the Receiving Party or its subsidiaries, provided that the In-House Attorney(s) are identified in writing to counsel at least five (5) business days prior to the disclosure of any Protected Information to such attorney(s). A party may, as necessary when an In-House Attorney identified by a party changes positions or leaves a party's employment or engagement, and on a one-for-one basis, identify a substitute In-House Attorney meeting the criteria above, that the party provides the opposing party five (5) business days written notice prior to said substitution.

(c) Subject to paragraph 5, independent experts, including their support staffs, retained by or for the parties and their counsel, including technical experts and accounting or financial experts, who are employed to furnish expert or technical services or to give expert testimony with regard to this Action and not otherwise affiliated in any way with a party.

(d) Jury consultants, members of mock juries, and vendors retained by or for any party for preparing audiovisual aids, *e.g.*, exhibits, models, graphics, and video-tapes, for use in this Action, or for providing photocopy, imaging, database, graphics, translation, document review, document coding, or design services, as well as their support staffs whose duties and responsibilities require access to such materials, who are not current employees of any party to this Action or of any direct competitor of any party to this Action.

(e) The Court, Court personnel, stenographic and video reporters, interpreters and translators engaged in association with this Action.

(f) Any person indicated on the face of a document to be an originator, author, or recipient of a copy of the Protected Information contained in the document.

4. **Disclosure of Attorneys' Eyes Only Information.** The Receiving Party may make Information of the Producing Party, and any document, analysis, report, or other item

containing Attorneys' Eyes Only Information of the Producing Party, available and accessible only to those persons listed in paragraphs 3(a) and 3(c)–(f), subject to any conditions thereof.

5. **Agreement To Be Bound.** As a condition precedent to disclosure of Protected Information to any persons described in paragraphs 3(b)–(c), he or she must: (a) be provided with a copy of this Protective Order and, if necessary, its terms must be explained to the person, and (b) sign a non-disclosure agreement in the form of the Declaration and Agreement to be Bound attached hereto as Exhibit A. The Receiving Party shall provide the Producing Party copies of the signed Declaration and Agreement to be Bound (and, for persons described in paragraph 3(c), (i) the name of the Person; (ii) the present employer and title of the Person; (iii) an identification of all of the Person's past or current employment or consulting relationships for the past five (5) years; (iv) a curriculum vitae and (v) a list of all proceedings in the past five years in which the expert has testified by deposition or at hearing/trial) at least five (5) business days prior to any such disclosure of Protected Information. Any party may object to the proposed disclosure within five (5) business days after receipt of the executed Declaration and Agreement to be Bound. In the event an objection is made, counsel shall make a good-faith effort to reach an agreement regarding the proposed disclosure. If an agreement cannot be reached, the objecting party shall make an appropriate motion to the Court within ten (10) business days of the failure to reach agreement regarding the proposed disclosure. The burden shall be on the objecting party to show the Court why the disclosure should not be made. If an objection is made, no Protected Information shall be made available to the person at issue unless and until the Court rules that disclosure is permitted.

6. **Challenges to Confidentiality Designations.** The signing of this Protective Order, or the failure of a Receiving Party, at the time it receives Discovery Material designated as

Protected Information to challenge or object to the confidentiality designation shall not be deemed a waiver of its right to challenge or object to the confidentiality designation at any later time. Any party may at any time challenge the designation of any Discovery Material as Protected Information and may request permission to use or disclose Protected Information other than as permitted, by serving a written request upon counsel for the Producing Party before the date of the proposed disclosure. Such request shall specifically identify the Protected Information, including by Bates label, sought to be de-designated, used, or disclosed. The Producing Party shall respond to the challenge or request in writing within ten (10) calendar days. If the Producing Party objects to the de-designation, use, or disclosure, then the Receiving Party may move the Court for an order authorizing de-designation, use, or disclosure (in accordance with any applicable local rules or practice). Absent consent from the Producing Party, a Receiving Party may not de-designate, use, or disclose Protected Information unless and until an order authorizing the de-designation, use, or disclosure has issued from the Court. The Producing Party shall have the burden of proving that the proposed de-designation, use, or disclosure should not occur.

7. **Filing of Protected Information.**

(a) Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record any Protected Material. Any briefs, transcripts, exhibits, depositions, or documents which are filed with the Court which comprise, embody, summarize, discuss, or quote from Protected Material shall be sealed, unless the parties otherwise agree in writing or the Court otherwise orders. Where reasonably practicable, only the portions of documents consisting of such items or information shall be lodged under seal.

(b) Filing or lodging Protected Material under seal shall be made in compliance with the local rules for the Southern District of New York.

8. **Use of Protected Information in Court or Depositions.**

(a)   Nothing in this Protective Order shall prevent a party from using Protected Information at trial or during a hearing. However, the party using Protected Information must request (i) that the portion of the proceeding where use is made be *in camera* or protected from public disclosure to the maximum extent practicable, and (ii) that the transcript of that portion of the proceeding be maintained under seal, with access thereto limited to persons entitled to access under this Protective Order.

(b)   A witness at a deposition or trial may be shown any document that contains or reveals Protected Information if the document was authored by the witness or was received by, known to, or accessible to the witness other than through a violation of this Protective Order. In addition, a witness may be shown any document that contains or reveals Protected Information if the witness is a current or former officer, director, employee, or 30(b)(6) designee of the Producing Party.

9. **Prohibited Uses of Protected Information.** Protected Information received from a Producing Party in this Action, including any notes, memoranda or other similar documents relating thereto, shall not be used for research and development, regulatory, commercial, or competitive purposes, or used in any other legal proceeding or in any submission or filing with or to any governmental agency (including without limitation the U.S. Patent and Trademark Office), except by consent of the Producing Party or as permitted by order of the Court. No Receiving Party or person shall make available, disclose, or summarize Protected Information of a Producing Party to any person(s) other than to a person(s) qualified under the terms of this Protective Order.

10. **Level of Care.** Any person in possession of Protected Information shall exercise reasonably appropriate care (at least the same level of care that the Receiving Party takes with regard to its own Protected Information) with regard to the storage, custody, or use of Protected Information in order to ensure that the confidential nature of the same is maintained.

11. **Unauthorized Disclosure.** If Protected Information is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately (but in no instance more than three (3) business days after learning of such disclosure): (a) bring all pertinent facts relating to such disclosure to the attention of the Producing Party; (b) make every reasonable effort to retrieve or destroy such Protected Information (including any notes or other documents incorporating such Protected Information) and to prevent further disclosure; (c) identify any person or third party to whom Protected Information has been improperly disclosed; and (d) make every reasonable attempt to have such person or third party execute an agreement to be bound to the terms of this Protective Order in the form attached hereto as Exhibit A.

12. **Information Lawfully Known.** Nothing in this Protective Order shall be construed as preventing a party from using, or continuing to use, any information that is or was: (a) publicly known through no unauthorized act or omission of such party, or (b) lawfully obtained by such party other than through discovery of the Producing Party. Should a dispute arise as to any specific information or material, the party claiming that such information or material is or was publicly known or was lawfully obtained other than through discovery of the Producing Party shall have the burden of proving its claim, and no further disclosure or use shall be made until the dispute is resolved by the Court or the parties.

13. **Limitations on Protective Order.** This Protective Order has been agreed to by the parties to facilitate discovery and the production of relevant information in this Action. Entering into, designating or failing to designate Protected Information under, or otherwise complying with the terms of the Protective Order shall not do any of the following:

(a) Operate as an admission by any party that any Discovery Material designated as Protected Information contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

(b) Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission to any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Protected Information;

(c) Prejudice in any way the rights of any party to object to the relevance, authenticity, or admissibility into evidence of any document, testimony or other information subject to this Protective Order;

(d) Prejudice in any way the rights of any party to seek a determination by the Court whether any Discovery Material or Protected Information should be subject to the terms of this Protective Order;

(e) Prejudice in any way the rights of any party to petition the Court for a further protective order relating to any Protected Information;

(f) Prejudice in any way the rights of any party to petition the Court for permission to disclose or use particular Protected Information more broadly than would otherwise be permitted by the terms of this Protective Order;

      (g)      Prevent any Producing Party from agreeing to alter or waive the provisions or protection provided for herein with respect to any particular Discovery Material designated as Protected Information by that party;

      (h)      Constitute evidence with respect to any issue in this Action; or

      (i)      Prejudice the right of any party, or any third party, to seek relief from the Court, upon good cause shown, to exempt it from any of the restrictions provided in this Protective Order or to impose additional restrictions on the disclosure of any information or material.

14.    **Advice to Clients**. This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Protected Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Protected Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

15.    **Inadvertent Failure to Designate.**  The inadvertent or unintentional failure by a Producing Party to designate specific Discovery Material as containing Protected Information shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to such documents or materials.  Upon notice to the Receiving Party of such failure to designate, the Receiving Party shall cooperate to restore the confidentiality of the inadvertently disclosed information, without prejudice.

16.    **Disclosure by Agreement or Order.**  Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if the Producing Party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

17. **Inadvertent Disclosure of Privileged Material.**

(a) The inadvertent production of Discovery Material subject to attorney-client privilege, work product immunity, or any other applicable privilege or protection to a Receiving Party, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, shall not constitute a waiver of the applicable privilege and/or protection if a request for the return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b) Upon a reasonable inquiry by a Receiving Party as to whether a document or thing was inadvertently produced, the Producing Party shall have ten (10) calendar days to respond. The Producing Party's response shall (1) state whether the Discovery Material was or was not inadvertently produced, (2) if applicable, designate the Discovery Material as subject to the attorney-client privilege, work product immunity, or other applicable privilege or protection, and (3) state whether return or destruction of the Discovery Material is requested.

(c) Upon request by the Producing Party for return or destruction of any inadvertently produced Discovery Material subject to the Producing Party's claim of privilege or protection, the Receiving Party shall within five (5) business days either return all copies of such Discovery Material or confirm in writing that all electronic copies have been deleted and all hard copies have been destroyed, except that the Receiving Party may retain one copy of the disputed Discovery Material solely for the purpose of challenging the claim of privilege or protection. Within thirty (30) calendar days following the return or destruction request by the Producing Party, the Receiving Party shall either make a motion to challenge the claim of privilege or protection for the disputed Discovery Material or confirm in writing that it has destroyed its retained copy of the disputed Discovery Material. If a motion challenging a claim of privilege or protection is denied,

the Receiving Party shall confirm in writing that it has destroyed the copy retained for the purpose of such motion within five (5) business days of denial of the motion.

(d) Nothing herein shall prevent a Receiving Party from challenging the propriety of a Producing Party's claim of attorney-client privilege, work product immunity, or any other privilege or protection from discovery by filing an appropriate motion with the Court. In such a motion, the burden of establishing the claimed privilege or protection shall remain on the party asserting it.

(e) This Protective Order constitutes an order entered pursuant to Rule 502(d) of the Federal Rules of Evidence. The production of any Discovery Material the Producing Party claims to be privileged or protected by the attorney-client privilege or work product protection will not constitute or be deemed a waiver or forfeiture, in this or any other action, of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Discovery Material and its subject matter.

18. **Discovery from Experts or Consultants**

(a) Absent good cause, drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable, including information protected by Federal Rule of Civil Procedure 26.

(b) Reports and materials exempt from discovery under the foregoing paragraph shall be treated as attorney work product for the purposes of this case and Protective Order.

(c) Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case. Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(d) Discovery of materials provided to testifying experts shall be governed by the provisions of Federal Rule of Civil Procedure 26, and nothing herein shall be read to limit the protections from discovery in that Rule.

(e) No conversations or e-mail communications between counsel and any testifying expert will be subject to discovery unless the conversations or e-mail communications are relied upon by such experts in formulating opinions or asserting facts that are presented in

19. **Continuing Obligations.**

(a) All provisions of this Protective Order and any other order restricting the use of information obtained during discovery in this Action shall continue to be binding on the parties and all persons who have received information under this Protective Order after the conclusion of this Action, including all appeals, unless the Court orders otherwise or the parties agree otherwise in writing, except (a) that there shall be no restriction on documents that are used as exhibits in open Court; and (b) that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any such order(s).

(b) Within one-hundred twenty (120) calendar days after the conclusion of this Action (including any appeals), all documents, things, objects, and other Discovery Material produced or designated as Protected Information, including extracts and summaries thereof, and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Receiving Party, except that outside counsel may maintain each of the following: each paper filed with the Court together with any exhibits thereto, each deposition transcript together with the exhibits marked at the deposition, each expert report together with any exhibits thereto, each set of written discovery responses (but not Discovery Material produced in response to discovery requests), each trial or hearing transcript, each exhibit used at trial, each item of

correspondence, and all drafts, memoranda, and other documents constituting work product which were based upon or which include Protected Information.  In the event that outside counsel maintains such documents, it shall not disclose material containing any Protected Information to another party or third party absent subpoena or court order.  Counsel likewise need not purge their email, document management systems, or back-up tapes, provided, however, that any Protected Information contained in such documents retained by outside counsel shall remain subject to the protections of this Protective Order.  If materials are destroyed rather than returned to comply with the first sentence of this paragraph, then counsel responsible for the destruction shall within one-hundred twenty-seven (127) calendar days of the conclusion of this Action (including any appeals) certify in writing to counsel for the Producing Party that destruction has taken place in compliance with this paragraph.

(c) Upon receipt of any subpoena for Protected Information of another party, the party receiving the subpoena shall immediately notify outside counsel for the Producing Party so that the Producing Party may protect its interests.

20. **Computation of Time.**  The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Rule 6 of the Federal Rules of Civil Procedure.

21. **Production By Non-Parties.**  The terms of this Protective Order shall apply to materials produced in connection with this Action by a non-party and designated by the non-party as Protected Information.

22. **Prior Agreements.**  The terms of this Protective Order shall supersede all prior agreements regarding confidentiality in connection with this Action.

23. **Enforcement.**  This Court shall retain jurisdiction over the parties and this Protective Order for the purposes of compliance with and enforcement of its terms, and the final termination of this Action shall not terminate this Protective Order or its terms, or the Court's jurisdiction to enforce the same.

24. **Other Proceedings.**  By entering this Protective Order and limiting the disclosure of information in this Action, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another action.  Any person or party subject to this Protective Order who becomes subject to a motion outside of this Action to disclose another party's information designated as Protected Information pursuant to this Protective Order shall promptly notify the Producing Party so that the Producing Party may have an opportunity to protect its interests.

*/s/  James R. Klaiber*
Edward C. Wipper
BENESCH FRIEDLANDER COPLAN & ARONOFF
17 State Street, Suite 4000
New York, New York 10004
Tel:  (646) 593-7050
EWipper@beneschlaw.com

Laura E. Kogan
BENESCH FRIEDLANDER COPLAN & ARONOFF
200 Public Square, Suite 2300
Cleveland, OH  44114
Tel:  (216) 363-4500
lkogan@beneschlaw.com

James R. Klaiber
Michael M. Polka
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York
Tel:  (212) 837-6000
james.klaiber@hugheshubbard.com
michael.polka@hugheshubbard.com

*Attorneys for Plaintiff Enchante Accessories, Inc.*

*/s/  Daniel L. Moffett*
Daniel L. Moffett
AKIN GUMP STRAUSS HAUER & FELD LLP
112 E. Pecan Street, Suite 1010
San Antonio, Texas 78205
Tel:  (210) 281-7000
dmoffett@akingump.com

Melissa R. Gibson
AKIN GUMP STRAUSS HAUER & FELD LLP
1735 Market Street, 12th Floor
Philadelphia, PA 19103
Tel: (215) 965-1200
mgibson@akingump.com

Hannah D. Price
AKIN GUMP STRAUSS HAUER & FELD LLP
1111 Louisiana Street, 44th Floor
Houston, Texas 77002
Tel:  (713) 220-2205
hprice@akingump.com

*Attorneys for Defendant Helen of Troy Ltd.*

To the extent the parties seek to file documents with the Court in redacted form or under seal, they shall do so consistent with Rue 5.A of this Court's Individual Rules & Practices in Civil Cases.

SO ORDERED this 17th day of December, 2021.

_____
UNITED STATES DISTRICT JUDGE
RONNIE ABRAMS

# EXHIBIT A

## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ENCHANTE ACCESSORIES INC. | § § § | |
| Plaintiff/Counterclaim-Defendant, | § § | |
| v. | § § | Civil Action No. 21-CV-7548 |
| HELEN OF TROY LTD., | § § § | |
| Defendant/Counterclaim-Plaintiff. | § § | |

## DECLARATION AND AGREEMENT TO BE BOUND

I, _____ declare and state under penalty of perjury that:

1. My present residential address is _____

_____.

2. My present employer is _____

and the address of my present employer is _____.

3. My present occupation or job description is _____

_____.

4. I am an employee of, or have been retained by counsel for

_____.

5. I have received and carefully read the Protective Order dated _____, 2021 and understand its provisions. Specifically, I understand that I am obligated, under order of the Court, to hold in confidence and not to disclose the contents of anything marked

"CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to anyone other than the persons permitted by paragraphs 3 and 4 of the Protective Order.  I further understand that I am not to disclose to anyone other than the persons permitted by paragraphs 3 and 4 of the Protective Order any words, substances, summaries, abstracts or indices of any Protected Information disclosed to me.  I will use the Protected Information (other than that disclosed by my own company) solely for purposes relating to the above-captioned litigation.  I will never use, nor will I knowingly permit others to use, any Protected Information (other than that disclosed by my own company), directly or indirectly, in competition with any party or non-party or in the prosecution of any patent.  This Agreement does not preclude disclosure of Protected Information if required by governmental or judicial process, provided that notice of such process is promptly provided to the party that produced the Protected Information in the above-captioned litigation in order that it may have every opportunity to intercede in such process to contest such disclosure.  In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

6.   At the termination of the above-captioned litigation (including any appeals) or at any time requested by counsel, I will destroy or will return to counsel for the party by whom I am employed or have been retained all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting Protected Information that has come into my possession, and will return or destroy all documents or things I have prepared relating to or reflecting such information.

7.   I understand that if I violate the provisions of the Protective Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable for damages in a civil action.

– 3 –

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on: _____          By: _____
                                                            Signature